**CHAI WHANG XIE, also known as Cai Wang Xie, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–3747–AG.**

United States Court of Appeals, Second Circuit.

March 31, 2006.

John Z. Zhang, New York, New York, for Petitioner.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 31st day of March, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Chai Whang Xie, through counsel, petitions for review of the June 2004 Board of Immigration Appeals ("BIA") order affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the specification of appellate issues.

Where, as here, the BIA issues an independent decision without adopting the IJ's decision, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The BIA held that Xie failed to establish that he suffered past persecution or had a well-founded fear of future persecution or torture. These findings are supported by substantial evidence. Xie's past persecution claim is that the police confiscated flyers related to Christianity that he was passing out in front of a Church, and warned him not to continue distributing them. These experiences did not rise to the level of persecution, an "extreme concept that does not include every sort of treatment our society regards as offensive." *Ai Feng Yuan v. DOJ,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)). Xie's future persecution claim is based solely on his testimony that his mother had told him that two church members had been arrested and remained in detention for having distributed Christianity-related flyers. This unsubstantiated hearsay is of little weight, and does not rebut the State Department report indicating that official and underground churches exist unmolested in China.

With respect to Xie's CAT claim, the BIA adopted the IJ's determination that Xie failed to show that he would more likely than not be tortured if he returned to China. This determination was also supported by substantial evidence: Xie did not mention torture during his testimony before the IJ, and he has not presented any evidence to substantiate his claim that he would likely be the victim of torture if he returned to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).